# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**DIANSKY ROUZARD,**

       **Plaintiff,**

v.                               **Case No: 6:24-cv-2069-PGB-UAM**

**ED MORSE CADILLAC BRANDON,**

       **Defendant.**

_____/

## **ORDER**

This cause comes before the Court upon the following filings:

1. Plaintiff Diansky Rouzard's ("**Plaintiff**") Amended Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 24 (the "**Amended Application**")); and

2. Plaintiff's Motion for Default Judgment (Doc. 18).

Magistrate Judge Samuel J. Horovitz submitted an Amended Report (Doc. 26 (the "**Amended Report**")) recommending that the Court deny the Amended Application without prejudice, deny the Motion for Default Judgment, and strike Plaintiff's Amended Complaint with leave to replead. Plaintiff filed an Objection to the Amended Report. (Doc. 27 (the "**Objection**")).

## I.  BACKGROUND

On November 13, 2024, Plaintiff filed the initial Complaint in this matter (Doc. 1 (the "**Complaint**")), along with Plaintiff's first Application to Proceed in

District Court Without Prepaying Fees or Costs (Doc. 2 (the "**Application**")). Then, on December 16, 2024, Plaintiff moved for the entry of a clerk's default against Defendant Ed Morse Cadillac Brandon ("**Defendant**"). (Doc. 15 (the "**Motion for Clerk's Default**")). Four days later, while the Motion for Clerk's Default remained pending, Plaintiff filed the Motion for Default Judgment against Defendant. (Doc. 18).

On January 22, 2025, Magistrate Judge Horovitz denied the Motion for Clerk's Default without prejudice. (Doc. 20). That same day, Magistrate Judge Horovitz also submitted a Report (Doc. 21 (the "**Report**")) recommending, *inter alia*, that the Court strike the Complaint, providing Plaintiff with leave to replead; deny the Application without prejudice; and deny the Motion for Default Judgment. Before the deadline for Plaintiff to object to the Report expired—and thus, before the Report was ripe for the undersigned's review—Plaintiff filed an Amended Complaint (Doc. 23) and the Amended Application (Doc. 24).

Consequently, on February 12, 2025, Magistrate Judge Horovitz submitted the Amended Report. (Doc. 26). Therein, he noted that Plaintiff's Amended Complaint had superseded the initial Complaint, and he thus addressed the merits of the Amended Complaint, the Amended Application, and the still-pending Motion for Default Judgment. (*Id.* at p. 2).

First, Magistrate Judge Horovitz found that Plaintiff's signatures on the Amended Complaint and Amended Application include impermissible disclaimers such as "[a]ll [r]ights [r]eserved" and "[d]eemed done in good faith" (the

"**disclaimers**").[1] (*Id.* at pp. 3, 6 (citing Doc. 24, p. 1; Doc. 23, pp. 5, 28)). Next, Magistrate Judge Horovitz determined that the Amended Complaint failed to establish the Court's subject matter jurisdiction. (*Id.* at pp. 6–8). Accordingly, Magistrate Judge Horovitz recommended that the Court deny the Amended Application without prejudice and strike the Amended Complaint, providing Plaintiff leave to replead. (*Id.* at p. 9). Finally, Magistrate Judge Horovitz recommended that the Motion for Default Judgment be denied, since (1) no clerk's default has been entered against Defendant, and (2) after the Motion for Default Judgment was filed, the Complaint was superseded by the Amended Complaint. (*Id.* at pp. 8–9).

Plaintiff filed a timely Objection to the Amended Report, and the matter is thus ripe for review.[2] (Doc. 27).

## II. LEGAL STANDARD

A district judge "may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The district judge "shall make a de novo determination of those portions

---

[1] The Court notes that, in the initial Report, Magistrate Judge Horovitz had recommended that the Court deny the Application and strike the Complaint based, in part, upon Plaintiff's use of similar disclaimers. (*See* Doc. 21).

[2] The Court does not deem a response to the Objection from Defendant to be necessary. "A trial court has managerial power that has been described as 'the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *In re Air Crash Disaster at Fla. Everglades on Dec. 29, 1972*, 549 F.2d 1006, 1012 (5th Cir. 1977) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *see Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (adopting as binding precedent all Fifth Circuit decisions prior to October 1, 1981). In any event, Defendant has not yet appeared in this action.

3

of the report or specified proposed findings or recommendations to which objection is made."[3] *Id.* And "[t]he judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

A party may serve written objections to the magistrate judge's findings and recommendations, and "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(3); *see also* 28 U.S.C. § 636(b)(1). However, in order to be proper, such objections must be "specific." FED. R. CIV. P. 72(2); *Leatherwood v. Anna's Linens Co.*, 384 F. App'x 853, 857 (11th Cir. 2010) (emphasizing that "a party that wishes to preserve its objection must . . . pinpoint the specific findings that the party disagrees with") (citation omitted).[4] Accordingly, "[f]rivolous, conclusive, or general objections need not be considered by the district court."[5] *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (citation omitted).

## III. DISCUSSION

In the Objection, Plaintiff argues that the Magistrate Judge's finding that Plaintiff's use of disclaimers is improper lacks "valid legal precedent," since the

---

[3] The district court must consider the record and factual issues independent of the magistrate judge's report, as *de novo* review is essential to the constitutionality of § 636. *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990).

[4] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d 1340, 1345 n.7 (11th Cir. 2007).

[5] Although *pro se* pleadings are liberally construed, courts are not required to "act as *de facto* counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020).

4

Magistrate Judge cites to cases from district courts outside of the Eleventh Circuit. (Doc. 27, pp. 1–2). This specific objection is due to be overruled. *See, e.g.*, *United States v. Hoover*, 635 F. Supp. 3d 1305, 1316 n.8 (M.D. Fla. 2022) ("The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority." (citing *Stone v. First Union Corp.*, 371 F.3d 1305, 1310 (11th Cir. 2004))).[6]

More important, however, is that Plaintiff's Objection fails to address the Magistrate Judge's ultimate finding that Plaintiff has not adequately alleged the Court's subject matter jurisdiction. (*See* Doc. 27). This fact alone requires the Court to overrule Plaintiff's Objection to the recommendations that the Court deny the Amended Application and strike the Amended Complaint. *See Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001) (noting that federal courts exercise limited jurisdiction and must "zealously [e]nsure that jurisdiction exists" in every case).

The remainder of the objections raised by Plaintiff are either "[f]rivolous, conclusive, [and/]or general" and consequently, the Court is not required to consider such objections. (*See* Doc. 27); *Schultz*, 565 F.3d at 1361. In any event, upon an independent *de novo* review of the record, the Court agrees with the analysis and conclusions set forth in the Amended Report. (Doc. 26).

## IV.  CONCLUSION

As a result of the foregoing, it is **ORDERED** as follows:

---

[6] The Court additionally notes that Plaintiff fails to cite any case law from either the Eleventh Circuit or from outside circuits to support the notion that such disclaimers are legally permissible. (*See* Doc. 27).

5

1. Plaintiff's Objection to the Amended Report and Recommendation (Doc. 27) is **OVERRULED**;

2. The Amended Report and Recommendation (Doc. 26), filed February 12, 2025, is **ADOPTED IN PART**:

    a. Plaintiff's Amended Complaint (Doc. 23) is hereby **DISMISSED WITHOUT PREJUDICE**;[7]

    b. The Amended Report and Recommendation (Doc. 26) is **ADOPTED** in all other respects;

3. On or before **April 8, 2025**, Plaintiff **SHALL** file a second amended complaint that complies with all applicable rules and law;

4. Plaintiff is **DIRECTED** that any pleading, written motion, or other paper filed by Plaintiff shall be signed in accordance with Rule 11 of the Federal Rules of Civil Procedure and shall not contain any disclaimers (including, but not limited to, "all rights reserved," "without recourse," "without prejudice," and "deemed done in good faith");

5. The Amended Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 24) is **DENIED WITHOUT PREJUDICE**;

---

[7] While the Magistrate Judge recommends that the instant Court strike the Amended Complaint, under circumstances such as these, the Court prefers to dismiss the relevant complaint without prejudice. In any event, the Court agrees that the Amended Complaint is deficient for the reasons outlined in the Amended Report and that these deficiencies require repleader. (*See* Docs. 26, 27).

6. On or before **April 8, 2025**, Plaintiff **SHALL** pay the requisite $405.00 filing fee or, if appropriate, file a second amended and completed Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) with Plaintiff's handwritten signature and without any disclaimers; and

7. Plaintiff's Motion for Default Judgment (Doc. 18) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on March 19, 2025.

*[Signature]*
PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties